IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ESTATE OF YAEL BOTVIN
by and through its Administrator
Russell Ellis, Esq.
58 Meadows Lane
Haverford, PA 19041-1128

and

JULIE GOLDBERG-BOTVIN
7 Masaryk Street
Jerusalem 93-106
ISRAEL

and

TAMAR BOTVIN
7 Masaryk Street
Jerusalem 93-106
ISRAEL

and

MICHAL BOTVIN
7 Masaryk Street
Jerusalem 93-106
ISRAEL

v.

ISLAMIC REPUBLIC OF IRAN
Ministry of Foreign Affairs, Khomeni
Avenue, United Nations Street, Tehran, Iran

and

THE IRANIAN MINISTRY OF INFORMATION
AND SECURITY
Rasdaran Avenue, Golestan Yekom,
Tehran, Iran

and

Civil Action No___________

**COMPLAINT**

IRANIAN REVOLUTIONARY GUARD )
Rasdaran Avenue, Golestan Yekom )
Tehran, Iran )

AYATOLLAH ALI HOSEINI KHAMENEI, )
Supreme Leader of the Islamic Republic of Iran, )
Khomeni Avenue )
United Nations Street, Tehran, Iran )

ALI AKBAR HASHEMI-RAFSANJANI, )
Former President of the Islamic Republic of Iran, )
Khomeni Avenue )
United Nations Street, Tehran, Iran )

and )

ALI FALLAHIAN-KHUZESTANI, )
Former Minister of Information and Security, )
Rasdaran Avenue, Golestan Yekom, )
Tehran, Iran )

and )

HAMAS )

and )

John Does 1-99 )
______________________________________________)

Plaintiffs, by and through counsel, seek judgment against Defendants Islamic Republic of Iran ("Iran"), Iranian Ministry of Information and Security ("MOIS"), Iranian Revolutionary Guard ("IRG"), Ayatollah Ali Hoseini Khamenei, Ali Akbar Hashemi-Rafsanjani, Ali Fallahain-Khuzestani (collectively, "senior officials"), Hamas, and John Does 1-99, jointly and severally, pursuant to the Foreign Sovereign Immunities Act, as amended, 28 U.S.C. § 1602, *et seq*. On September 10, 2003, this Court entered judgment against Defendants Iran, MOIS, IRG and the senior official Defendants for the

material support and training they provided to Hamas. *Campuzano et al. v. Islamic Republic of Iran*, *et al.* 281 F. Supp. 2d 258 (D.D.C. 2003). Plaintiffs in that case sought damages arising out of the injuries to American citizens in the September 4, 1997, triple suicide bombing at Jerusalem's Ben Yehuda Street pedestrian mall. This incident arises out of the same factual allegations. Plaintiffs here seek damages for the injuries and death of Yael Botvin, carried out as described below due to the financial support and training the Defendants provided. In support of their Complaint, Plaintiffs allege as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction over the subject matter of this case arises under 28 U.S.C. §§ 1330(a) and 1331.

2. Defendants Islamic Republic of Iran the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guard ("IRG") are subject to suit in the courts of the United States as sponsors of the terrorist group Hamas pursuant to the Foreign Sovereign Immunities Act ("FSIA"), as amended, 28 U.S.C. § 1605(a)(7), and related statutes.

3. Defendants Ayatollah Ali Hoseini Khamenei, Ali Akbar Hashemi-Rafsanjani, and Ali Fallahain-Khuzestani are subject to suit pursuant to section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997, Civil Liability for Acts of State Sponsored Terrorism, P.L. 104-208, 110 Stat. 3009-173 (Sept. 30, 1996), which is incorporated into the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602-11 *et seq*.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(f)(4).

5. Actions for wrongful death and related torts perpetrated by foreign state sponsors of terrorism by and through their officials, employees and agents within the meaning of 28 U.S.C. § 1605(a)(7) are unique causes of action arising out of the federal counterterrorism statute(s) and are controlled by federal law.

**THE PARTIES**

6. At the time of the acts alleged, and throughout the duration of her short 14 year life, Plaintiff, Yael Botvin was an American citizen. Yael Botvin was born in the State of California. Yael Botvin suffered personal injuries and died, while in Israel, as a result of an extrajudicial killing, to wit, the September 4, 1997 suicide bombing at Jerusalem's Ben Yehudah Mall, being an act within the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605(a)(7). On 25 May 2004, Russell Ellis was duly appointed by the probate court of Montgomery County, Pennsylvania, as the Administrator of the Estate of Yael Botvin; said Estate can sue and be sued in this Court.

7. Plaintiff, Julie Goldberg-Botvin is a United States citizen and is currently a resident of Israel. At all relevant times, Julie Goldberg-Botvin was, and is, the mother of the deceased Yael Botvin. Plaintiff Julie Goldberg-Botvin can sue and be sued in this Court.

8. Plaintiff, Tamar Botvin is a United States citizen and is currently a resident of Israel. At all relevant times, Tamar Botvin was, and is, the natural born sister of the deceased Yael Botvin. Plaintiff, Tamar Botvin can sue and be sued in this Court.

9. Plaintiff, Michal Botvin is a United States citizen and is currently a resident of Israel. At all relevant times, Michal Botvin was, and is, the natural born sister

of the deceased Yael Botvin.  Plaintiff, Michal Botvin, by and through her mother and guardian, Julie Goldberg-Botvin, can sue and be sued in this Court.

10. Defendant Islamic Republic of Iran ("Iran") is a foreign state that the U.S. Department of State has designated as a state sponsor of terrorism pursuant to section 6(j) of the Export Administration Act of 1979 (50 U.S.C. App. § 2405(j)) and section 620A of the Foreign Assistance Act of 1961 (22 U.S.C. § 2371) since January 19, 1984.  Iran provided material support and resources to Hamas within the meaning of 28 U.S.C. §§ 1605(a) and 1605 note in the form of funding, direction, and training for its terrorist activities, including the terrorist attack at issue here.

11. On numerous occasions, this Circuit has held Iran liable to victims of state-sponsored terrorism.  *See Bettis v. Islamic Republic of Iran*, 315 F.3d 325 (D.C. Cir. 2003); *Andersen v. Islamic Republic of Iran*, 90 F. Supp. 2d 107 (D.D.C. 2000); *Eisenfeld v. Islamic Republic of Iran*, 172 F. Supp. 2d (D.D.C. 2000); *Flatow v. Islamic Republic of Iran*, 999 F.Supp. 1 (D.D.C. 1998).

12. Furthermore, this Court recently held Iran liable to other victims of this particular act of terrorism, the suicide bombing on September 4, 1997 in Jerusalem, Israel.  *Campuzano v. Islamic Republic of Iran*, 281 F. Supp. 2d 258 (D.D.C. 2003).

13. Defendant Iranian Ministry of Information and Security is the Iranian intelligence agency through which Iran channeled material support and resources to Hamas to carry out terrorist activities, including the suicide bombing on Ben Yehuda Street.  MOIS acted as an agent of Iran and performed acts within the scope of its agency as contemplated by 28 U.S.C. § 1605(a)(7), which resulted in the extrajudicial killing described below.

14. Defendant Iranian Revolutionary Guard is the military wing of MOIS. Under the direction of MOIS, IRG provides the professional military and terrorist training to the Hamas operatives executing terrorist acts in Israel, including the suicide bombing on Ben Yehuda street that killed Yael Botvin. IRG acts as an agent of Iran and performed acts within the scope of its agency as contemplated by 28 U.S.C. §1605(a)(7), which resulted in the extrajudicial killing described below.

15. Defendants Ayatollah Ali Hoseini Khamenei, Ali Akbar Hashemi-Rafsanjani, and Ali Fallahian-Khuzestani are senior Iranian government officials. Iran's official policy requires the approval of high-ranking officials, including Defendants, to provide material support and resources to Hamas. *Campuzano*, 281 F. Supp. 2d at 263. Accordingly, Iran's "support of Hamas could not have occurred without this senior leadership approval." *Id.*

16. Defendant Hamas is an "Islamic militant terrorist organization" for which Iran provides "ongoing terrorist training and economic assistance" through MOIS. *Id.* at 262. Since 1993, Hamas has claimed responsibility for more than 250 deaths.

17. Defendants John Does 1-99 are persons whose identities are unknown and who planned, supported, funded and/or executed the terrorist attacks described in this Complaint.

**FACTUAL ALLEGATIONS**

18. On the afternoon of September 4, 1997, three Hamas operatives entered the crowded pedestrian mall at Ben Yehuda Street in Jerusalem. The operatives carried cases containing explosive bombs, which they packed with "nails, screws, pieces of glass,

and chemical poisons to cause maximum pain, suffering, and death." *Id.* at 261 (citations omitted).

19. The three suicide bombers, surrounded by hundreds of multinational pedestrians, detonated the bombs within 30 seconds of each other, killing five people and injuring nearly 200. Plaintiff Yael Botvin was among those murdered in the terrorist attack.

20. Yael Botvin was fourteen years old when she was murdered. She was at the pedestrian mall celebrating her admission to a prestigious specialized high-school when she was murdered.

21. Julie Goldberg-Botvin, although not present at the bombing, suffered extreme mental anguish and grief as a result of her daughter's tragic death. On the day of Yael's death, Julie was in her bedroom, when her youngest daughter, Michal, entered her bedroom to advise Julie that there had been a terrorist attack in downtown Jerusalem.

22. Knowing that her daughter, Yael, had gone to the pedestrian mall to celebrate her recent admission to high school, Julie immediately turned on the TV to learn where and when the terrorist attack had taken place. Julie then began calling Yael's school and the police in a desperate attempt to locate her.

23. Approximately two hours after the bombing took place, a friend took Julie Goldberg-Botvin and Michal Botvin to Bikur Cholim Hospital in downtown Jerusalem to determine if Yael was there.

24. Julie arrived at the hospital too late. When she arrived she was informed that Yael's body was already transferred to the Abu Kabir Forensic Institute. Julie

Goldberg-Botvin was then asked to identify her daughter Yael's body from pictures taken at the hospital.

25. It was not until later that Julie Goldberg-Botvin was able to locate her oldest daughter, Tamar, and inform her that her sister Yael had been murdered and was a victim of terrorist attack.

26. Hamas claimed responsibility for the attack. Additionally, two Hamas operatives, Muaid Said Bilal ("Bilal") and Omar Abdel Rahman al-Zaban ("Zaban"), were arrested for their participation in the bombing and convicted on multiple counts of murder, attempted murder, and active membership in Hamas. *Campuzano*, 281 F. Supp. 2d at 261.

27. It is official Iranian policy to support terrorism. Accordingly, "Iran directly provided material support and resources to Hamas and its operatives, for the specific purpose of carrying out acts of extrajudicial killing, including the bombing" on September 4, 1997. *Id.* at 270.

28. "With Iranian government funds, MOIS spends between $50,000,000 and $100,000,000 a year sponsoring terrorist activities of various organizations such as Hamas." *Id.* at 262. This is approximately one-fourth of the agency's budget.

29. IRG is the military arm of MOIS, by which Iran provides Hamas operatives with "professional military and terrorist training" so they can execute terrorist attacks throughout the Middle East. *Id.*

30. Without the material support and resources Defendants provided to Hamas, the Hamas suicide bombers could not have carried out the September 4, 1997 terrorist attack at Ben Yehuda Street. *See id.*

COUNT I
ESTATE OF YAEL BOTVIN
CLAIM FOR WRONGFUL DEATH

31. Plaintiff, the Estate of Yael Botvin, repeats and alleges each and every allegation set forth above with equal effect as if alleged herein.

32. On September 4, 1997, when the explosive device described above was detonated, Yael Botvin suffered fatal injuries. The death of Yael Botvin was caused by a willful and deliberate act of extrajudicial killing.

33. The Defendants, through their authorized and engaged agents, John Does 1-99, financed the attack, planned the attack and rendered material support to the activities of Hamas that resulted in the murder of Yael Botvin.

34. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran, MOIS, IRG, Khamenei, Rafsanjani and Khuzestani.

35. The beneficiaries of Yael Botvin who survived her, namely, Julie Goldberg-Botvin, Tamar Botvin, and Michal Botvin, as a direct and proximate consequence of the actions of the defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable, suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings to the Estate of Yael Botvin, and funeral and burial expenses.

36. WHEREFORE, Plaintiff, Russell Ellis as Administrator demands judgment on behalf of the Estate of Yael Botvin jointly and severally, against all the Defendants, including the Islamic Republic of Iran, MOIS, IRG, Khamenei, Rafsanjani

and Khuzestani, in the amount of EIGHTEEN MILLION DOLLARS ($18,000,000.00), plus costs and attorneys fees.

COUNT II
ESTATE OF YAEL BOTVIN
SURVIVAL CLAIM

37. Plaintiff, the Estate of Yael Botvin, repeats and re-alleges each and every allegation set forth with like effect as if alleged herein.

38. Before death, Yael Botvin suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the decedent hereby suffered compensable damages.

39. WHEREFORE, Russell Ellis, Administrator demands such judgment on behalf of the Estate of Yael Botvin jointly and severally, against all the Defendants, including the Islamic Republic of Iran, MOIS, IRG, Khamenei, Rafsanjani and Khuzestani, in the amount of EIGHTEEN MILLION DOLLARS ($18,000,000.00), plus costs and attorneys fees.

COUNT III
ALL PLAINTIFFS
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

40. Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

41. The acts of planning and conducting a terrorist suicide bombing designed to maim and murder innocent people in a crowded pedestrian mall in Jerusalem constituted extreme and outrageous conduct on the part of Hamas members, whose acts were funded and directed by the Islamic Republic of Iran and its instrumentalities

through its agents MOIS and IRG and under the leadership of defendants, Khamenei, Rafsanjani and Khuzestani.

42. As a direct and proximate result of the willful, intentional and reckless acts of the Hamas members, John Does 1-99, whose acts were funded and directed by the Islamic Republic of Iran through its agents MOIS and IRG, Plaintiffs were intentionally caused to suffer severe emotional distress.

43. WHEREFORE, Plaintiffs, the Estate Yael Botvin, Julie Goldberg-Botvin, Tamar Botvin, Michal Botvin, prays that judgment be entered, jointly and severally against all the Defendants, including, the Islamic Republic of Iran, MOIS, IRG, Khamenei, Rafsanjani and Khuzestani, in the amount of EIGHTEEN MILLION DOLLARS ($18,000,000.00), beside costs.

COUNT IV
JULIE GOLDBERG-BOTVIN, TAMAR BOTVIN AND MICHAL BOTVIN

SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 (C)

44. Plaintiffs, Julie Goldberg-Botvin, Tamar Botvin and Michal Botvin repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

45. As a direct consequence of the actions of the Defendants, and each of them, the Islamic Republic of Iran, MOIS, IRG, Khamenei, Rafsanjani and Khuzestani. the beneficiary of decedent, Yael Botvin, to wit, Julie Goldberg-Botvin, Tamar Botvin, and Michal Botvin have suffered extraordinary grief and mental anguish, and loss of solatium in accordance with PL 1-4-208 has thereby suffered damage.

46. WHEREFORE, Plaintiff, Julie Goldberg-Botvin, Tamar Botvin and Michal Botvin, demand judgment, jointly and severally, against the Defendants, including, the Islamic Republic of Iran, MOIS, IRG, Khamenei, Rafsanjani and Khuzestani, in the amount of EIGHTEEN MILLION DOLLARS ($18,000,000.00), beside costs.

COUNT V
ALL PLAINTIFFS
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 (c)

47. Plaintiffs, the Estate of Yael Botvin, Julie Goldberg-Botvin, Tamar Botvin and Michal Botvin repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

48. The actions of the Defendants, carried out in their names and by their instrumentalities and agents as described above, were malicious, willful, unlawful, reckless and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result and was caused by each Defendant.

49. The decedent and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their responsibilities as governments, instrumentalities of governments and as leaders of governments and its instrumentalities, each acting as agents on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A., Title I, Section 101 (C) the estate of the decedent and each plaintiff thereby entitled to punitive damages.

WHEREFORE, the Plaintiffs, the Estate Yael Botvin, Julie Goldberg-Botvin, Tamar Botvin and Michal Botvin pray that judgment be entered, jointly and severally,

against including, the Islamic Republic of Iran, MOIS, IRG, Khamenei, Rafsanjani and Khuzestani on behalf of the decedent and each surviving plaintiff, in the amount of EIGHTEEN MILLION HUNDRED THOUSAND ($18,500,000.00), plus costs and attorneys fees.

**WHEREFORE,** Plaintiffs requests judgment against the Defendants as follows:

1. Judgment against the Defendants, jointly and severally, for the damages to which Plaintiffs is entitled under the laws of the United States of America in amounts as shall be proven at trial.

2. Judgment against Defendants, jointly and severally, for threefold the damages and to which each and all of the Plaintiffs may be and are entitled under applicable law, all in an amount to be determined at trial.

3. Judgment against the Defendants, jointly and severally, for all costs expended herein.

4. Judgment against the Defendants, jointly and severally, for reasonable attorneys' fees incurred incident hereto.

5. Interest thereon at the legal rate from date of judgment until paid in full.

6. Judgment against Defendants, jointly and severally, for any and all other relief to which Plaintiffs may be entitled.

7. A trial by jury on all issues so triable.

8. Leave of Court to amend this Complaint as the interests of justice require.

January 28, 2005

Respectfully Submitted,

HEIDEMAN LEZELL NUDELMAN
& KALIK P.C.
1146 19th Street, NW
Fifth Floor
Washington, DC 20036
Telephone: 202-463-1818
Telefax: 202-463-2999
Email: attorneys@heidemanlaw.com

By: __*/s/ Richard D. Heideman*______
Richard D. Heideman (No. 377462)
Noel J. Nudelman (No. 449969)
Tracy Reichman Kalik (No. 462055)

Of Counsel:

PERLES LAW FIRM, P.C.
Steven R. Perles, Esq. (No 326975)
1146 19th Street, NW
Fifth Floor
Washington, DC 20036
Telephone: 202-955-9055
Telefax: 202-955-3806