**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ESTATE OF YAEL BOTVIN by and through its Administrator, Russell Ellis *et al.*, | : : : : | |
| Plaintiff, | : : | Civil Action No.:   05-0220 (RMU) |
| v. | : : | Document No.:   17 |
| ISLAMIC REPUBLIC OF IRAN *et al.*, | : : | |
| Defendants. | : | |

**MEMORANDUM ORDER**

**DENYING WITHOUT PREJUDICE THE PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**

**I. INTRODUCTION**

The plaintiffs bring claims of wrongful death, survival, intentional infliction of emotional distress, solatium and punitive damages against the Islamic Republic of Iran, the Iranian Ministry of Information and Security and the Iranian Revolutionary Guard ("the defendants")[1] pursuant to the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1602 *et seq. See generally* Compl. The plaintiffs' claims stem from an Iranian sponsored triple-suicide bombing at an Israeli pedestrian mall on September 3, 1997. *Id.* This terrorist attack resulted in the deaths of several individuals, including then-fourteen-year-old Yael Botvin – sister to the plaintiffs Tamar Botvin and Michal Botvin and daughter to plaintiff Julie Goldberg-Botvin. Mem. Order (Sept. 24, 2007) at 1.

---

[1] The plaintiffs also name Ayatollah Ali Hoseini Khamenei, Ali Akbar Hashemi-Rafsanjani, Ali Fallahian-Khuzestani, Hamas and John Does 1-99 as defendants in this matter. *See* Compl. at 1. The plaintiffs, however, have failed to show proof of service of these defendants in the four years since filing the complaint, and in accordance with Federal Rule of Civil Procedure 4 and Local Civil Rule 83.23, the court *sua sponte* dismisses these defendants for failure to prosecute. *Link v. Wabash R.R.*, 370 U.S. 626, 633-34 (1962) (holding that "when circumstances [are] appropriate, a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting").

On July 31, 2006, the Clerk of the Court entered default against the defendants after the plaintiffs filed proof of service and the defendants failed to respond.  Clerk's Entry of Default (July 31, 2006).  The plaintiffs then filed a motion to take judicial notice of findings of fact and conclusions of law in related cases.  Pls.' Mot. to Take Judicial Notice.  The court, on September, 24, 2007, granted in part and denied in part the motion, stating that those related cases "suffice to establish the defendants' guilt in perpetrating the attack in question, but . . . they do not suffice to establish the impact of the attack on the plaintiffs."  Mem. Order (Sept. 24, 2007) at 2.  The court added that "[t]he identity of the plaintiffs, their relationship with the deceased and the impact of the bombing upon them goes not only to establishing damages but also liability."  *Id.*  Accordingly, the court declined to enter default judgment, but permitted the plaintiffs "to file competent written and documentary evidence with the court establishing each element of their particular claims as to both liability and damages."  *Id.* at 3.  The plaintiffs moved for default judgment on March 21, 2008.  Pls.' Mot. for Default J.  The court now turns to that motion.

## II.  ANALYSIS

### A.  The Plaintiffs Have Not Provided Evidence Satisfactory to the Court

In support of their motion, the plaintiffs submit weighty deposition testimony and a bevy of *unsworn* statements, pictures and newspaper articles.  *See generally* Pls.' Mot. for Default J., Attachs. A-K.  The plaintiffs do not explain how these documents are relevant to or aid in the satisfaction of each element of their particular claims as the court directed.[2]  *Id.*  For example, the plaintiffs' motion states that the plaintiffs are U.S. citizens and cites to a portion of plaintiff

---

[2]    In the future, the plaintiffs should also submit a courtesy copy for chambers in accordance with the court's Standing Order.

Julie Goldberg-Botvin's deposition that has nothing to do with citizenship. Pls.' Mot. for Default J. at 8-9 (citing Ex. A at 16, 17-18 which discusses plaintiff Tamar's emotional state). The court is not inclined to independently search through volumes of deposition transcripts to determine whether the plaintiffs have stated a claim. *See Potter v. District of Columbia*, 2009 WL 564630, at *10 (D.C. Cir. Mar. 6, 2009) (Williams, J., concurring) (stating that "judges 'are not like pigs, hunting for truffles buried in briefs' or the record" (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991))). Additionally, the plaintiffs cite a medical report for the proposition that Yael survived the explosion for a short time. Pls.' Mot. for Default J. at 9 (stating that the report "indicates that Yael Botvin received medical intervention, treatment which otherwise would have not been provided if she immediately died upon the impact of the bombing"). The author of the report, however, makes no such determination that Yael received medical attention after the attack, *see id.*, Ex. F (stating only that "[o]n the left chest . . . is a surgical incision wound 17cm long sewn with black sutures"), and the plaintiffs do not explain why the court should draw its own medical conclusion that requires an inferential leap over a geographical, temporal and professional gap, *see Hill v. Republic of Iraq*, 328 F.3d 680, 681 (D.C. Cir. 2003) (requiring plaintiffs to "prove that projected consequences are 'reasonably certain' (i.e., more likely than not) to occur, and [to] prove the amount of damages by a 'reasonable estimate' consistent with this court's application of the American rule on damages"). Finally, the plaintiffs fail to explain why the methodology employed by their enlisted economist and the amount requested in damages is consistent with case law in this district. *Dammarell v. Islamic Republic of Iran*, 281 F. Supp. 2d 105, 195 (D.D.C. 2003) (explaining how an expert's methodology and conclusions regarding economic damages satisfied the plaintiff's burden to prove that "projected consequences are 'reasonably certain'" (quoting *Hill*, 328 F.3d at 684)).

**B. The Court Denies the Plaintiffs' Request to Proceed Under 28 U.S.C. § 1605A**

The court need not deny the plaintiffs' motion on the evidentiary basis alone, however, because the plaintiffs' motion is first and foremost a request to amend their complaint by seeking redress through an amendment to the FSIA – 28 U.S.C. § 1605A. This amendment, signed into law as part of the Defense Authorization Act for Fiscal Year 2008, Pub. L. No. 110-181, § 1083, 122 Stat. 3, in relevant part creates a cause of action against a foreign state subject to suit under the FSIA. Congress, through this amendment, effectively negated the D.C. Circuit's ruling in *Cicippio-Puleo v. Islamic Republic of Iran*, 353 F.3d 1024, 1027 (D.C. Cir. 2004), which held that the FSIA did not provide a cause of action. However, § 1083(c) of the Defense Authorization Act stipulates that it only applies to pending cases that (1) were brought under 28 U.S.C. § 1605(a)(7) or the Flatow Amendment[3] before January 28, 2008; (2) relied on either of these provisions as creating a cause of action; (3) have been adversely affected on the grounds that either or both of these provisions fail to create a cause of action against the foreign state; and (4) were before the court in any form as of January 28, 2008. Pub. L. No. 110-181, § 1083(c)(2)(A)(i)-(iv), 122 Stat. 3 (codified as 28 U.S.C. § 1605A note).

The plaintiffs simply skip over the second requirement when explaining why § 1605A should apply in this case. *See* Pls.' Mot. at 5-6 (explaining that the suit was originally brought under § 1605(a)(7); their claims have been adversely affected; and the suit remains pending). Indeed, this is presumably because the plaintiffs cannot meet the second requirement. To begin, the plaintiffs filed suit after the D.C. Circuit's decision in *Cicippio-Puleo*, 353 F.3d at 1034

---

[3] Congress amended the FSIA through the Civil Liability for Act of State Sponsored Terrorism Act, Pub. L. No. 104-208, 110 Stat. 3009-172 (codified at 28 U.S.C. § 1605 note). This amendment is commonly referred to as the Flatow Amendment and "provides U.S. nationals a private right of action for terrorism damages against individual officials, employees, and agents of designated foreign states acting in their personal capacities." *Hurst v. Socialist People's Libyan Arab Jamahiriya*, 474 F. Supp. 2d 19, 25 (D.D.C. 2007).

(holding that § 1605(a)(7) does not create a private right of action against a foreign state), and thus, the plaintiffs did not rely upon § 1605(a)(7) for a cause of action. *See generally* Compl. In their complaint, the plaintiffs enumerate the causes of action they bring against the defendants: wrongful death, survival, intentional infliction of emotional distress, solatium and punitive damages (Counts I-V). *Id.* Although the plaintiffs rely on the Flatow Amendment in asserting a cause of action for punitive damages, *id.* ¶¶ 47-49, "punitive damages is not an independent cause of action. Instead certain causes of action, such as intentional torts, may provide for the recovery of punitive as well as compensatory damages." *Byrne v. Nezhat*, 261 F.3d 1075, 1093 n.34 (11th Cir. 2001); *Iacangelo v. Georgetown Univ.*, 580 F. Supp. 2d 111, 117 (D.D.C. 2008) (holding that "punitive damages is not a freestanding cause of action" (quoting *Gharib v. Wolf*, 518 F. Supp. 2d 50, 56 (D.D.C. 2007))). Accordingly, the plaintiffs do not rely upon either § 1605(a)(7) or the Flatow Amendment to create a cause of action, and the court denies their request to proceed under § 1605A. *See Massie v. Democratic People's Republic of Korea*, 592 F. Supp. 2d 57, 72 n.1 (D.D.C. 2008) (noting that § 1605A replaces § 1605(a)(7), but analyzing the plaintiffs' claims under § 1605(a)(7) because the action was brought prior to the effective date of § 1605A).

### IV.  CONCLUSION

In light of this ruling, the court denies without prejudice the plaintiffs' motion for default judgment and directs the plaintiffs to provide further briefing regarding the applicable law in this case under D.C. choice of law provisions and how the facts in this case satisfy each of the elements of the plaintiffs' purported causes of action. Furthermore, the court reiterates that it may not enter a default judgment against a foreign state "unless the claimant establishes his

claim or right to relief by evidence satisfactory to the court." 28 U.S.C. § 1608(e); *Wachsman v. Islamic Republic of Iran*, No. 06-351, slip op. (D.D.C. Mar. 27, 2009) (Urbina, J.) (relying on affidavits and expert reports in awarding damages to family members and the estate of a terrorist attack victim); *Roeder v. Islamic Republic of Iran*, 195 F. Supp. 2d 140, 159 (D.D.C. 2002) (requiring evidence on each element of each claim) (Sullivan, J.).  In evaluating the plaintiffs' proof, a court contemplating entry of default judgment may accept as true the plaintiffs' uncontroverted evidence, which may take the form of *sworn affidavits or prior transcripts*. *Greenbaum v. Islamic Republic of Iran*, 466 F. Supp. 2d 220, 262-63 (D.D.C. 2006).

Accordingly, it is this 27th day of March, 2009, hereby

**ORDERED** that the plaintiffs' motion for default judgment is **DENIED without prejudice**; and it is

**FURTHER ORDERED** that the plaintiffs' renewed motion for default judgment is due on or before May 29, 2009.

**SO ORDERED**.

    RICARDO M. URBINA
    United States District Judge